2009R00069
MP/dc

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>CHUN-O KIM,<br>a/k/a "Michelle"<br><br>*Defendant.* | Honorable Susan D. Wigenton<br><br>Criminal No. 11-544 (SDW)<br><br>CONSENT JUDGMENT AND<br>PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS**, on 8/11/11, the United States filed an Information in this case against Chun-O Kim, a/k/a "Michelle" (hereinafter "Defendant"), charging her with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, possession of fifteen or more unauthorized access devices with intent to defraud in violation of 18 U.S.C. §§ 1029 and 2, and aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2; and

**WHEREAS**, on 8/11/11, the Defendant pled guilty to the Information; and

**WHEREAS**, pursuant to 18 U.S.C. § 1029(c)(1)(C), a person convicted of an offense in violation of 18 U.S.C. § 1029(a)(3) shall forfeit to the United States any personal property that was used or intended to be used to commit the offense; and

**WHEREAS**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 1349 shall forfeit to

the United States any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense; and

**WHEREAS** the unauthorized credit cards seized from the Defendant's residence and business on or about February 1, 2008 are subject to forfeiture as personal property that was used or intended to be used to commit the offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to all property that was used or intended to be used to commit the offense, namely the unauthorized credit cards seized from the Defendant's residence and business on or about February 1, 2008 (hereinafter the "Property"); and

**WHEREAS** the sum of $1,230,546.00 is subject to forfeiture by the Defendant as property that constitutes or is derived from proceeds traceable to the offense(s) to which the Defendant has pled guilty; and

**WHEREAS** if by any act or omission of the Defendant, any property subject to forfeiture:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C); and

**WHEREAS** the United States has not, as of this date, identified specific assets that constitute or are derived from proceeds traceable to the offense(s) of the Defendant, nor has the United States yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p); and

**WHEREAS** defendant Chun-O Kim:

(1) Consents to the forfeiture to the United States of $1,230,546.00 as property that constitutes or is derived from proceeds traceable to the offense(s) to which she pled guilty;

(2) Consents to the forfeiture of the unauthorized credit cards seized from the Defendant's residence and business on or about February 1, 2008;

(3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

 (5) Acknowledges that she understands that forfeiture of property will be part of the sentence imposed upon her in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

 (6) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

 (7) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

 (8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment; and

 (9) Agrees to cooperate in resolving third-party claims in favor of the United States; and

**WHEREAS** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment, and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant shall forfeit to the United States the sum of $1,230,546.00; and

**THAT** the Property, namely the unauthorized credit cards seized from the Defendant's residence and business on or about February 1, 2008, are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 1029(c)(1)(C), for disposition in accordance with the provisions of 21 U.S.C. § 853 as incorporated through 18 U.S.C. § 1029(c)(1)(2); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order as it pertains to the unauthorized credit cards seized from the Defendant's residence and business on or about February 1, 2008, and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days;

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than Defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time

and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought;

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified;

**THAT**, the aforementioned forfeited Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States;

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of $1,230,546.00, if the proceeds or any portion thereof, as a result of any act or omission of Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $1,230,546.00 shall be entered against the Defendant due to the fact that United States has not, as of this date, identified specific assets or identified any property of defendant Chun-O Kim that could be forfeited as substitute property; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final, only as to the money judgment entered against the Defendant, at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $1,230,546.00 to satisfy the forfeiture money judgment in whole or in part.

**ORDERED** this 28th day of October 2011.

_____
Honorable Susan D. Wigenton
United States District Judge

The undersigned hereby consent to the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

*[signature]*     Dated: Oct 7, 2011

By: ANTHONY MOSCATO
Assistant United States Attorney

*[signature]*     Dated: 9/19/11

Attorney for Defendant Chun-O Kim

*[signature]*     Dated: 9/19/11

Defendant Chun-O Kim